IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| E & L, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>METROPOLITAN CASUALTY<br>INSURANCE COMPANY and TINA<br>LEDBETTER, *doing business as* T & J's<br>Insurance Company,<br><br>        Defendants. | Case No. 13-cv-1051-JPG-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative. Specifically, the Court questions whether it has jurisdiction over this matter.

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).

Defendant Metropolitan, a citizen of Rhode Island, removed this case to federal court on the basis of diversity jurisdiction. It alleges that E & L, LLC ("E & L") is a citizen of the State of Florida and that Tina Ledbetter, d/b/a T & J's Insurance Co. ("Ledbetter") is a citizen of the State of Illinois. Under the removal statute, a defendant may remove an action from state court if it originally could have been filed in federal court. 28 U.S.C. § 1441(a). "[F]ederal courts should

interpret the removal statute narrowly, resolving any doubts in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Metropolitan bases removal on diversity jurisdiction, which requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

The requisite amount in controversy is undisputed. Whether complete diversity exists among the parties, however, remains unclear. For diversity purposes, the citizenship of a limited liability company is the citizenship of each of its members. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). The Seventh Circuit has made it clear that parties must allege the citizenship of *all* the members of a limited liability company. *Hart v. Terminex Int'l,* 336 F.3d 541, 543 (7th Cir. 2003).

Metropolitan's notice of removal asserts, "E & L's *sole* member, Edward J. Sieron, Sr., is a citizen of the State of Florida…" (Doc. 4, p. 2) (emphasis added). While E & L's motion to remand does not expressly challenge Metropolitan's assertion that E & L consists of just a single member, it does describe one Edwin J. Sieron, Sr., as "*a* member of E & L, LLC" and insists that he is in fact a citizen of Illinois, thus making E & L a citizen of Illinois for diversity purposes (Doc. 10, p. 1) (emphasis added).[1] What raises the Court's suspicion most, however, is information obtained from E & L's own Rule 26 disclosure that appears to demonstrate the identity of at least two other members of E & L aside from Edwin J. Sieron, Sr. (Doc. 26, p. 1).[2]

---

[1] The Court notes that Defendant Metropolitan's notice of removal speaks of an *Edward* J. Sieron, Sr., while E & L's motion to remand speaks of an *Edwin* J. Sieron, Sr.
[2] E & L's Rule 26 disclosure was stricken from the Court's record, as Local Rule 26.1 provides that discovery is not to be filed with the Court.

Metropolitan's notice of removal makes no indication that E & L is anything other than a single-member LLC.  Until Metropolitan satisfies its burden of alleging the citizenship of *all* members, the Court cannot proceed to address other questions raised by the parties.

Accordingly, the Court **ORDERS** Defendant Metropolitan to file an amended notice of removal correcting these and *any other* jurisdictional defects by March 4, 2014**.**  *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme.").  Should it fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:**  February 18, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
